**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **VISSE CHEST, as Administrator of** | ) |
| **the Estate of Reginald Pendleton, Deceased** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Case No. 3:08-cv-50047** |
| **v.** | ) |
| | ) |
| **CITY OF FREEPORT,** | ) |
| **FREEPORT POLICE OFFICER'S** | ) |
| **Officer Andrew Schroeder,** | ) |
| **Officer Aaron Dykema,** | ) |
| **Officer Tom Madigan,** | ) |
| **FREEPORT FIRE DEPARTMENT,** | ) |
| **Will Bacxus,** | ) |
| **Curt Timmer** | ) |
| **Larry Moshure** | ) |
| | ) |
| **Defendants,** | ) |

**<u>FIRST AMENDED COMPLAINT</u>**

NOW COMES, the Plaintiff, Visse Chest, as Administrator of the Estate of Reginald Pendleton, Deceased, by and through her attorney, Rene Hernandez, of the Law Office of Rene Hernandez, P.C., bringing forth this First Amended Complaint against the Defendants and states as follows:

**<u>INTRODUCTION</u>**

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against Officers: Schroeder, Dykema, Madigan, of the Freeport Police Department, Stephenson County, Illinois, Freeport Fire Department, including crew members: Bacxus, Timmer and Moshure, in both their individual and official capacities.

2.      It is alleged that the Defendant Officers had knowledge indicating that Reginald Pendleton had likely ingested a large amount of cocaine, yet failed to provide Reginald Pendleton with

medical care, violating his rights under the Fourteenth Amendment to the United States Constitution.

3.      It is further alleged that Freeport Fire, including crew members Bacxus, Timmer and Moshure contributed to the death of Reginald Pendleton by failing to transport him from the Freeport Police Department to FHN Memorial Hospital in a timely manner, causing Pendleton's condition to further deteriorate, violating his rights under the Fourteenth Amendment to the United States Constitution.

.

## PARTIES, JURISDICTION & VENUE

1.      This court has jurisdiction pursuant to 42 U.S.C. §1983 and §1988, the Eighth and Fourteenth Amendments to the United States Constitution and there is federal jurisdiction of the claim pursuant to 28 U.S.C. §1331 and §1337, and pendant jurisdiction as provided under 28 U.S.C. §1367(a).

2.      Venue is proper for this action in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b), as the claim arose in this judicial district.

3.      Decedent, Reginald Pendleton, was twenty-three years of age, and was at all material times a resident of Freeport, Illinois, in the County of Stephenson, State of Illinois.

4.      The plaintiff, Visse Chest, is the Administrator of the Estate of Reginald Pendleton.  She is a resident of Freeport, Illinois and was the grandmother of Reginald Pendleton.

5.      Defendant City of Freeport by its Police Department, including Officers: Schroeder, Dykema and Madigan were at all times relevant, employees of the Freeport Police Department or provided services to the Police Department pursuant to contract.  They were acting under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and City of Freeport.

6.       City of Freeport, Fire Crew Members: Bacxus, Timmer and Moshure were at all times relevant employed by Freeport Fire or providing services to Freeport Fire via contract.

## FACTS

7.      Reginald Pendleton was arrested by Freeport City Police on January 30, 2007, at 2:47pm., after being followed for approximately twelve blocks.

8.      Diane Adams (mother), Lakesha Pendleton (sister), and Mary Adams (aunt) of the deceased, were following behind Reginald, in their vehicle, and witnessed the arrest.

9.      Upon arrest, the Freeport Police Officers failed to read the Plaintiff his Miranda Rights.

10.     At the time of arrest, the Defendant Officers were seen attempting to remove something out of the Plaintiff's mouth.

11.     Under information and belief, Officer Dykema told Pendleton to open his mouth, and he refused to comply.  Officer Dykema told Pendleton a second time to open his mouth, at which time Officer Andrew Schroeder heard Pendleton make a swallowing sound, and Officer Schroeder saw a lump go down his throat.  According to Officer Schroeder's Incident Report, it was at this point that he believed that Pendleton had swallowed a controlled substance, to prevent it from being seized.

12.     Officer Madigan advised that Pendleton be taken to the hospital.

13.     Defendant Officer Schroeder stated that he wanted to interview Pendleton, so any statements made by Pendleton could be used in the affidavit for a search warrant.  Pendleton was then transported to the Freeport Police Department at 2:47pm.

14.     Officers Dykema and Schroeder conducted a search of the vehicle and found two plastic sandwich baggies with missing corners located to the immediate right of the driver's seat.

15.     The arresting officers were well acquainted with the Plaintiff, as evidenced by Officer Barkalow's reference to Reginald as "Reggie."

16.     Officer Schroeder previously arrested Pendleton on February 20, 2005, at which Pendleton had swallowed cocaine during a traffic stop (Report #01-05-003437).

17.     Additional Officers stated that they suspected the Plaintiff had swallowed a large

amount of cocaine.

18.    Pendleton was not taken to the hospital or provided with medical care.

19.    Pendleton was handcuffed and transported to the Sheriff's Office and then to the Freeport Police Department.

20.    Diane Adams (mother), Lakesha Pendleton (sister), and Mary Adams (aunt) of Pendleton, followed Pendleton and the police to the County Sheriff's Office and then to the Freeport Police Department.

21.    At the Police Department, Pendleton was taken into a booking room to be questioned. Defendant Officer Schroeder asked Pendleton how much cocaine he swallowed.

22.    Pendleton indicated to Officer Schroeder that he needed to vomit, at which time a garbage can was provided.  Pendleton then began to make noises like he was trying to vomit.  At one point Pendleton stated "its right there," and told Officer Schroeder to back up because he was going to vomit.

23.    Pendleton's body tensed up and he started to fall off the booking room bench.  His body then began to seizure.

24.    An ambulance was called at 3:07pm.

25.    At 3:13pm the ambulance, (Freeport Fire) arrived and the crew members were notified by the police officers that Pendleton was suspected of ingesting cocaine.  The ambulance crew members detained Pendleton in the parking lot of the police department, for eleven minutes.

26.    Pendleton was en route to the hospital at 3:24pm, arriving at Freeport Memorial Hospital (FHN) at 3:27pm.

27.    Upon arrival at Freeport Memorial Hospital (FHN), Pendleton was taken to the Emergency Room.

28.    Dr. Thompson was on call when Pendleton arrived at the emergency room and was informed of the likelihood of a drug overdose.

29.     Dr. Thompson ordered Pendleton's stomach pumped at 4:29pm., one hour after arriving at the Emergency Room and approximately two hours since the initiated traffic stop.

30.     The first effort made for X-rays or diagnostic testing was not completed until 5:30pm.

31.     Pendleton also underwent a CT of the brain, which was reviewed by Dr. Khan and evidenced an intraventricular bleed.

32.     Transferring Pendleton to a larger facility, like St. Anthony's in Rockford was urgent, especially since FHN Memorial Hospital does not have a neurosurgeon.

33.     Defendant Thompson failed to transport Pendleton to a Rockford hospital before 6 pm,

34.     Pendleton was not transferred to Saint Anthony Medical Center in Rockford until 8:50pm.

35.     Pendleton was pronounced dead at 10:10pm.

## COUNT I: 42 U.S.C. § 1983 WRONGFUL DEATH

36.     Plaintiff re-alleges and reincorporates paragraphs 1-36 as though fully set forth herein.

37.     As a direct and proximate result of the said acts of the Officers, Plaintiff suffered the following injuries and damages: loss of life, physical pain and suffering, medical and funeral expenses, lost earnings and emotional trauma and suffering.

WHEREFORE, the Plaintiff, Diane Adams, on behalf of the Estate of Reginald Pendleton, prays for judgment against the Defendants for a sum far in excess of $100,000.00, attorney's fees, costs of suit and any other additional relief deemed equitable and just.

## COUNT II: 42 U.S.C. §1983 FAILURE TO PROVIDE MEDICAL CARE

38.     Plaintiff re-alleges and reincorporates paragraphs 1-38 as though fully set forth herein.

39.     Throughout the process of arrest of the Plaintiff, the Plaintiff was in need of medical care and all of the individually named Defendants had a duty to provide medical care to him.

40.     The Defendants failed to provide medical care in a reasonable manner.  The Defendants' failure to provide medical care was willful as they were deliberately indifferent and reckless to the

Plaintiff's medical needs.

    41.    As a result of the Defendant's actions, they failed to protect the deceased from incurring pain and loss of life.

    WHEREFORE, the Plaintiff, Visse Chest, as Administrator of the Estate of Reginald Pendleton, prays for judgment against the Defendant for a sum far in excess of $100,000.00, attorney's fees, costs of suit and any other additional relief deemed equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted
Visse Chest, Plaintiff.

By: /s/ Rene Hernandez
Rene Hernandez,
Law Office of Rene Hernandez, P.C.
1625 East State Street
Rockford, Il 61104
(815) 387-0261