IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| VISSE CHEST, as Administrator of the Estate of Reginald Pendleton, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.   08 C 50047 |
| CITY OF FREEPORT, ILLINOIS, *et al*., | ) ) | Judge Philip G. Reinhard |
| Defendants. | ) ) | Magistrate Judge P. Michael Mahoney |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, City of Freeport, Officer Andrew Schroeder, Officer Aaron Dykema, Officer Tom Madigan, Will Backus (improperly sued as "Bacxus"), Curt Timmer and Larry Moshure, for their answer to the First Amended Complaint ("complaint") of plaintiff, state as follows:

**INTRODUCTION**

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against Officers: Schroeder, Dykema, Madigan, of the Freeport Police Department, Stephenson County, Illinois, Freeport Fire Department, including crew members: Backus, Timmer and Moshure, in both their individual and official capacities.

> **ANSWER:**   Defendants admit that the allegations of plaintiff's complaint give rise to federal question and supplemental jurisdiction but specifically deny the truth of those factual allegations as set forth in their answer below and deny that either the Freeport Police Department or the Freeport Fire Department are entities capable of being sued.

2.      It is alleged that the Defendant Officers had knowledge indicating that Reginald Pendleton had likely ingested a large amount of cocaine, yet failed to provide Reginald Pendleton with medical care, violating his rights under the Fourteenth Amendment to the United States Constitution.

  **ANSWER:** Defendants deny the allegations of paragraph 2 of plaintiff's complaint.

  3. It is further alleged that Freeport Fire, including crew members Backus, Timmer and Moshure contributed to the death of Reginald Pendleton by failing to transport him from the Freeport Police Department to FHN Memorial Hospital in a timely manner, causing Pendleton's condition to further deteriorate, violating his rights under the Fourteenth Amendment to the United States Constitution.

  **ANSWER:** Defendants deny the allegations of paragraph 3 of plaintiff's complaint.

### PARTIES, JURISDICTION & VENUE

  1. This court has jurisdiction pursuant to 42 U.S.C. §1983 and §1988, the Eighth and Fourteenth Amendments to the United States Constitution and there is federal jurisdiction of the claim pursuant to 28 U.S.C. § 1331 and § 1337, and pendant jurisdiction as provided under 28 U.S.C. 1367(a).

  **ANSWER:** Defendants admit that the allegations of plaintiff's complaint give rise to federal question and supplemental jurisdiction but specifically deny the truth of those factual allegations as set forth in their answer below.

  2. Venue is proper for this action in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1391(b), as the claim arose in this judicial district.

  **ANSWER:** Defendants admit that the allegations of plaintiff's complaint give rise to venue in this Court but specifically deny the truth of those factual allegations as set forth in their answer below.

  3. Decedent, Reginald Pendleton, was twenty-three years of age, and was at all material times a resident of Freeport, Illinois, in the County of Stephenson, State of Illinois.

  **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of plaintiff's complaint.

4. The plaintiff, Visse Chest, is the Administrator of the Estate of Reginald Pendleton. She is a resident of Freeport, Illinois and was the grandmother of Reginald Pendleton.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of plaintiff's complaint.

5. Defendant City of Freeport by its Police Department, including Officers: Schroeder, Dykema and Madigan were at all times relevant, employees of the Freeport Police Department or provided services to the Police Department pursuant to contract. They were acting under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and City of Freeport.

**ANSWER:** Defendants admit that defendants Schroeder, Dykema and Madigan were and are employees of the City of Freeport who, at the time of the incidents complained of, were working as police officers and that at the time of the incidents complained of, were acting in the scope of their agency or under color of law. Defendants deny that any policy, custom or usage of the City of Freeport has been implicated by the allegations of plaintiff's complaint.

6. City of Freeport, Fire Crew Members: Backus, Timmer and Moshure were at all times relevant employed by Freeport Fire or providing services to Freeport Fire via contract.

**ANSWER:** Defendants admit that defendants Backus, Timmer and Moshure were and are employees of the City of Freeport who, at the time of the incidents complained of, were working as firefighter/EMTs and that at the time of the incidents complained of, were acting in the scope of their agency or under color of law.

### FACTS

7. Reginald Pendleton was arrested by Freeport City Police on January 30, 2007, at 2:47pm., after being followed for approximately twelve blocks.

**ANSWER:** Defendants deny the allegations of paragraph 7 of plaintiff's complaint and affirmatively aver that Reginald Pendleton was detained for questioning at the time and place alleged but not placed under arrest.

8. Diane Adams (mother), Lakesha Pendleton (sister), and Mary Adams (aunt) of the deceased, were following behind Reginald, in their vehicle, and witnessed the arrest.

    **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of plaintiff's complaint.

9. Upon arrest, the Freeport Police Officers failed to read the Plaintiff his Miranda Rights.

    **ANSWER:** Defendants deny the allegations of paragraph 9 of plaintiff's complaint.

10. At the time of arrest, the Defendant Officers were seen attempting to remove something out of the Plaintiff's mouth.

    **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of plaintiff's complaint.

11. Under information and belief, Officer Dykema told Pendleton to open his mouth, and he refused to comply. Officer Dykema told Pendleton a second time to open his mouth, at which time Officer Andrew Schroeder heard Pendleton make a swallowing sound, and Officer Schroeder saw a lump go down his throat. According to Officer Schroeder's Incident Report, it was at this point that he believed that Pendleton had swallowed a controlled substance, to prevent it from being seized.

    **ANSWER:** Defendants admit that Dykema, Madigan and Schroeder asked Pendleton whether he had swallowed cocaine several times.

12. Officer Madigan advised that Pendleton be taken to the hospital.

    **ANSWER:** Defendants admit the allegations of paragraph 12 of plaintiff's complaint.

13. Defendant Officer Schroeder stated that he wanted to interview Pendleton, so any statements made by Pendleton could be used in the affidavit for a search warrant. Pendleton was then transported to the Freeport Police Department at 2:47pm.

>    **ANSWER:**    Defendants admit the allegations of paragraph 13 except that defendants affirmatively aver that Pendleton was transported at approximately 2:55 p.m. (see answer to paragraph 7, above).

14.  Officers Dykema and Schroeder conducted a search of the vehicle and found two plastic sandwich baggies with missing corners located to the immediate right of the driver's seat.

>    **ANSWER:**    Defendants admit the allegations of paragraph 14 of plaintiff's complaint.

15.  The arresting officers were well acquainted with the Plaintiff, as evidenced by Officer Barkalow's reference to Reginald as "Reggie."

>    **ANSWER:**    Defendants deny the allegations of paragraph 15 of plaintiff's complaint.

16.  Officer Schroeder previously arrested Pendleton on February 20, 2005, at which Pendleton had swallowed cocaine during a traffic stop (Report #01-05-003437).

>    **ANSWER:**    Defendants admit the allegations of paragraph 16 of plaintiff's complaint.

17.  Additional Officers stated that they suspected the Plaintiff had swallowed a large amount of cocaine.

>    **ANSWER:**    Defendants admit that they suspected that Pendleton had swallowed cocaine.

18.  Pendleton was not taken to the hospital or provided with medical care.

>    **ANSWER:**    Defendants deny the allegations of paragraph 18 of plaintiff's complaint.

19.  Pendleton was handcuffed and transported to the Sheriff's Office and then to the Freeport Police Department.

>    **ANSWER:**    Defendants admit the allegations of paragraph 19 of plaintiff's complaint.

20.  Diane Adams (mother), Lakesha Pendleton (sister), and Mary Adams (aunt) of Pendleton, followed Pendleton and the police to the County Sheriff's Office and then to the Freeport Police Department.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 of plaintiff's complaint.

21. At the Police Department, Pendleton was taken into a booking room to be questioned. Defendant Officer Schroeder asked Pendleton how much cocaine he swallowed.

**ANSWER:** Defendants admit the allegations of paragraph 21 of plaintiff's complaint.

22. Pendleton indicated to Officer Schroeder that he needed to vomit, at which time a garbage can was provided. Pendleton then began to make noises like he was trying to vomit. At one point Pendleton stated "its right there," and told Officer Schroeder to back up because he was going to vomit.

**ANSWER:** Defendants admit the allegations of paragraph 22 of plaintiff's complaint.

23. Pendleton's body tensed up and he started to fall off the booking room bench. His body then began to seizure.

**ANSWER:** Defendants admit the allegations of paragraph 23 of plaintiff's complaint.

24. An ambulance was called at 3:07pm.

**ANSWER:** Defendants admit the allegations of paragraph 24 of plaintiff's complaint.

25. At 3:13pm the ambulance, (Freeport Fire) arrived and the crew members were notified by the police officers that Pendleton was suspected of ingesting cocaine. The ambulance crew members detained Pendleton in the parking lot of the police department, for eleven minutes.

**ANSWER:** Defendants admit that they provided emergency medical attention to Pendleton, who they suspected to have ingested cocaine, and deny the remaining allegations of paragraph 25 of plaintiff's complaint including the allegation that EMTs "detained" Pendleton and affirmatively aver that the time of arrival of the ambulance was 3:11 p.m.

26. Pendleton was en route to the hospital at 3:24pm, arriving at Freeport Memorial Hospital (FHN) at 3:27pm.

  **ANSWER:** Defendants admit the allegations of paragraph 26 of plaintiff's complaint.

  27. Upon arrival at Freeport Memorial Hospital (FHN), Pendleton was taken to the Emergency Room.

  **ANSWER:** Defendants admit the allegations of paragraph 27 of plaintiff's complaint.

  28. Dr. Thompson was on call when Pendleton arrived at the emergency room and was informed of the likelihood of a drug overdose.

  **ANSWER:** Defendants admit the allegations of paragraph 28 of plaintiff's complaint.

  29. Dr. Thompson ordered Pendleton's stomach pumped at 4:29pm., one hour after arriving at the Emergency Room and approximately two hours since the initiated traffic stop.

  **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 of plaintiff's complaint.

  30. The first effort made for X-rays or diagnostic testing was not completed until 5:30pm.

  **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 of plaintiff's complaint.

  31. Pendleton also underwent a CT of the brain, which was reviewed by Dr. Khan and evidenced an intraventricular bleed.

  **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of plaintiff's complaint.

  32. Transferring Pendleton to a larger facility, like St. Anthony's in Rockford was urgent, especially since FHN Memorial Hospital does not have a neurosurgeon.

  **ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 of plaintiff's complaint.

  33. Defendant Thompson failed to transport Pendleton to a Rockford hospital before 6 pm.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 of plaintiff's complaint.

34. Pendleton was not transferred to Saint Anthony Medical Center in Rockford until 8:50pm.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34 of plaintiff's complaint.

35. Pendleton was pronounced dead at 10:10pm.

**ANSWER:** Defendants admit the allegations of paragraph 35 of plaintiff's complaint.

## COUNT I: 42 U.S.C. § 1983 WRONGFUL DEATH

36. Plaintiff re-alleges and reincorporates paragraphs 1-36 as though fully set forth herein.

**ANSWER:** Defendants re-allege and incorporate their answers to paragraphs 1 through 35 of plaintiff's complaint as their answer to paragraph 36 of plaintiff's complaint.

37. As a direct and proximate result of the said acts of the Officers, Plaintiff suffered the following injuries and damages: loss of life, physical pain and suffering, medical and funeral expenses, lost earnings and emotional trauma and suffering.

**ANSWER:** Defendants deny the allegations of paragraph 37 of plaintiff's complaint.

## COUNT II: 42 U.S.C. § 1983 FAILURE TO PROVIDE MEDICAL CARE

38. Plaintiff re-alleges and reincorporates paragraphs 1-38 as though fully set forth herein.

**ANSWER:** Defendants re-allege and incorporate their answers to paragraphs 1 through 37 of plaintiff's complaint as their answer to paragraph 38 of plaintiff's complaint.

39. Throughout the process of arrest of the Plaintiff, the Plaintiff was in need of medical care and all of the individually named Defendants had a duty to provide medical care to him.

    **ANSWER:**    Defendants deny any breach of duty owed to plaintiff's decedent as implied in paragraph 39 of plaintiff's complaint.

40.    The Defendants failed to provide medical care in a reasonable manner. The Defendants' failure to provide medical care was willful as they were deliberately indifferent and reckless to the Plaintiff's medical needs.

    **ANSWER:**    Defendants deny the allegations of paragraph 40 of plaintiff's complaint.

41.    As a result of the Defendant's actions, they failed to protect the deceased from incurring pain and loss of life.

    **ANSWER:**    Defendants deny the allegations of paragraph 41 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

Defendants, City of Freeport, Officer Andrew Schroeder, Officer Aaron Dykema, Officer Tom Madigan, Will Backus, Curt Timmer and Larry Moshure, for their affirmative defenses to plaintiff, Visse Chest's complaint, state as follows:

### First Affirmative Defense

Plaintiff's complaint fails to adequately state a claim which, if supported by a showing of any set of facts consistent with the allegations of her complaint, would entitle her to relief. Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

1.    At the time and place of the occurrences complained of by plaintiff, defendants Schroeder, Dykema, Madigan, Backus, Timmer and Moshure acted in an objectively reasonable manner in that:

    a)    Pendleton was stopped with probable cause and reason to believe that he might be committing a crime including the possession of cocaine;

        b)        At the time of his stop, Pendleton was observed by officers to be chewing and swallowing and officers inquired on several occasions whether Pendleton had ingested cocaine and on each and every inquiry Pendleton either remained silent or denied having ingested any contraband;

        c)        Because he denied having swallowed cocaine and insisted that he was "all right", Pendleton was detained and transported to the Freeport Police Department for further questioning;

        d)        Upon arrival at the Freeport P.D., officers continued to ask Pendleton whether he had swallowed cocaine and Pendleton continued to deny having ingested cocaine even as he began to try to vomit;

        e)        Immediately upon Pendleton's collapse, officers summoned emergency medical personnel who arrived and immediately began to administer aid for what was suspected to be a drug overdose;

        f)        Medical personnel continued to render aid while transporting Pendleton to the emergency room of FHN Hospital, where Pendleton was released to the care of medical personnel at the hospital; and

        g)        From the time Pendleton was initially stopped at 2:47 p.m. until his release to FHN emergency room personnel at 3:27 p.m., a total of 40 minutes elapsed.

2.        To the extent that defendants Schroeder, Dykema, Madigan, Backus, Timmer and Moshure have been sued in their individual capacities, each is entitled to qualified immunity from suit.

### Third Affirmative Defense

1.        Defendants Schroeder, Dykema, Madigan, Backus, Timmer and Moshure have been sued in their individual capacities for allegedly acting maliciously and with reckless disregard for Reginald Pendleton's federally protected rights.

2.        To the extent that the complaint does not allege that any of the individual defendants were acting pursuant to some custom, policy or usage of the City of Freeport, there can be no liability on the part of the City.

**Fourth Affirmative Defense**

1. Plaintiff's complaint purportedly seeks damages for and on behalf of Visse Chest as an heir to Reginald Pendleton, for his "wrongful death."

2. To the extent that her complaint purports to be for violation of the federally protected rights of Reginald Pendleton, such damages are not recoverable in an action brought pursuant to 42 U.S.C. § 1983.

3. To the extent that it is plaintiff's intent to bring an action on her own behalf pursuant to the laws of Illinois, as to those claims, at the time and place complained of in her complaint, there was in effect in Illinois a statute commonly known as the Illinois Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/1-101 *et seq.*).

4. Because at the time and place of the occurrences complained of, defendants Schroeder, Dykema, Madigan, Backus, Timmer and Moshure were engaged in law enforcement and/or the performance of discretionary functions such as the provision of emergency medical aid, each of them and Freeport are shielded from civil liability by sections 10/2-109, 10/2-201,10/ 2-202, 10/2-204, and 10/4-102 of the Tort Immunity Act.

        /s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendants,
CITY OF FREEPORT, *et al.*
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

-12-

## **CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on August 28, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Attorney Rene Hernandez<br>Law Office of Rene Hernandez, P.C.<br>1625 East State Street<br>Rockford, IL  61104 | Attorney Lisa R. Munch<br>Hinshaw & Culbertson<br>P.O. Box 1389<br>Rockford, IL  61105-1389 |

    /s/  Stephen E. Balogh
Stephen E. Balogh
Attorney for defendants,
CITY OF FREEPORT, ILLINOIS, *et al.*
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

Answer 01(cam)